### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

**GEORGE NICHOLS,**

        **Plaintiff,**

**v.**                          **Case No.** 2:11-0206
                                     **(Formerly Kanawha County Circuit Court**
                                     **Civil Action No. 11-C-207)**

**RAILSERVE, INC. and**
**DUPONT FILAMENTS-AMERICAS, LLC,**

        **Defendants.**

**TO:**   **THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(a) and 1446, defendants E. I. du Pont de Nemours and Company, incorrectly named as DuPont Filaments-Americas, LLC ("DuPont") and Railserve, Inc. ("Railserve") hereby remove the above-captioned action from the Circuit Court of Kanawha County, West Virginia, to this United States District Court for the Southern District of West Virginia. As grounds for removal, Defendants state as follows:

### NOTICE OF REMOVAL IS TIMELY

1.     On March 3, 2011, Plaintiff served its Complaint on DuPont and on Railserve through the West Virginia Secretary of State.[1] A copy of the Summonses and Complaints are included in Exhibit A.

2.     Defendants have not entered an appearance or filed any responsive pleadings or papers in response to Plaintiff's Complaint filed in the Circuit Court of Kanawha County, Civil

---

[1] By filing a Notice of Removal in this matter, Defendants do not waive their rights to object to service of process, the sufficiency of process, jurisdiction over the person or venue.

Action No. 11-C-207 and no proceedings have been held in the Kanawha County Circuit Court as of the date of this filing.

3.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), which provides that a notice of removal shall be filed within thirty (30) days after receipt by a defendant, by service or otherwise, of the initial pleading.

## DIVERSITY JURISDICTION EXISTS

4.      This Court has original jurisdiction under 28 U.S.C. §1332, and this action may be removed to this Court by defendant pursuant to 28 U.S.C. §1441(b) because it is a civil action between parties of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

### I.      Complete Diversity Exists Between the Parties

5.      According to the Complaint, Plaintiff George Nichols is a West Virginia resident. (Pl.'s Compl. ¶ 1.)

6.      Defendant DuPont is a Delaware corporation with its principal place of business in Delaware.  DuPont is, therefore, a "citizen" of Delaware.  28 U.S.C. §1332(c)(1).

7.      Defendant Railserve is a Delaware corporation with its principal place of business in Delaware.  Railserve is, therefore, a "citizen" of Delaware.  28 U.S.C. §1332(c)(1).

8.      Complete diversity exists between Plaintiff and Defendants.

### II.     The Amount in Controversy Exceeds $75,000.00

9.      Title 28 U.S.C. § 1332(a) requires that the amount in controversy in diversity actions exceed $75,000.00, exclusive of interests and costs.  "[I]t is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'"  *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir.

2002) (quoting *Gov't Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir.1964)); *Ashworth v. Albers Medical, Inc.*, 395 F. Supp. 2d 395, 413 (S.D.W. Va. 2005) (stating that "[t]he amount in controversy, if not specified in the complaint, must be determined on the likely monetary relief that may be granted to the plaintiffs if they succeed on all of their claims asserted in good faith."); *Asbury-Castro v. GlaxoSmithKline, Inc.*, 352 F. Supp. 2d 729, 731 (N.D.W. Va. 2005) ("When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials. . .")

10.     Plaintiff's Complaint does not expressly quantify the damages Plaintiff seeks. However, the Complaint alleges that while he was working as an employee of Railserve in October of 2009, Defendants caused the release of a "toxic vapor which harmed the Plaintiff." (Pl.'s Compl. ¶ 11.) Plaintiff alleges that he has suffered medical damages in an amount still to be determined and that he will continue to incur additional bills in the future. (Pl.'s Compl. ¶ 7.) He contends that he "has sustained permanent injuries which will impair his ability to work and earn income in the future and has caused a loss of income from the date of the incident alleged herein." Plaintiff seeks compensatory and punitive damages. (See Pl.s Compl. at Prayer.)

11.     The amount in controversy threshold is met in this Civil Action because the relief that may be granted to Plaintiff if he succeeds on his claim, exceeds the minimum amount required for removal based on 28 U.S.C. § 1332. Plaintiff has alleged that he suffers from permanent physical injury and that he has lost income from October of 2009 through the present. He claims he will lose additional income in the future. He claims that he is entitled to damages for past and future medical treatment. (See Compl. ¶¶ 7, 11.)

12.     These allegations of injury are similar to those that this Court has found sufficient to satisfy the amount in controversy requirement. *See Ashworth*, 395 F. Supp. 2d at 413-14 (seeking compensatory damages for medical and hospital bills, emotional distress, temporary and permanent future injury and loss of income, and seeking punitive damages); *Evans v. CDX Servs., LLC*, 528 F. Supp. 2d 599, 602, 606 (S.D.W. Va. 2007) (finding that alleged damages for personal injuries, pain and suffering, loss of earning capacity, and loss of ability to enjoy life satisfied the jurisdictional amount); *Campbell v. Restaurants First/Neighborhood Restaurant*, 303 F. Supp.2d 797, 799 (S.D.W. Va. 2004) ("Although her medical bills total just shy of $20,000, when one considers the additional elements of pain and suffering and future damages, one can easily conclude the amount in controversy is satisfied.")

13.     Further, Plaintiff seeks punitive damages.   A request for punitive damages dramatically increases the likelihood that the amount in controversy in a case will exceed $75,000.00.   It has been noted that "...a request for punitive damages, where properly recoverable, inevitably inflates a plaintiff's potential recovery. . . [a] good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages in the action." *Hicks v. Herbert*, 122 F. Supp. 2d 699, 701 (S.D.W. Va. 2000).   See also *Asbury-Castro*, 352 F. Supp. 2d at 732 ("a court may permit punitive damages to be included in the amount in controversy for jurisdictional purposes . . . Further, West Virginia courts have upheld punitive damages awards that have been substantially in excess of the compensatory damages recovered in the same action.") (internal citations omitted).

14.     Although the Complaint is silent as to the amount in controversy, Defendants have met their burden of demonstrating by a preponderance of the evidence that the requisite

amount in controversy is met.  The amount in controversy in this Civil Action more likely than not exceeds $75,000, exclusive of interest and costs.

## REMOVAL TO THIS DISTRICT IS APPROPRIATE

15.     Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removal of the above-referenced state court action to this Court is appropriate.

16.     Pursuant to 28 U.S.C. §1441(a), removal is made to this Court as the district and division embracing the place where the state action is pending.  28 U.S.C. 129(b).

17.     Pursuant to 28 U.S.C. §1446(a) requiring a copy of all process, pleadings, and orders served upon DuPont and Railserve, attached to this Notice as Exhibit A is a copy of the Summonses, Complaints, and the Legal Notices received from the West Virginia Secretary of State for each Defendant.

18.     True and correct copies of this Notice of Removal with accompanying exhibits and the Notice of Filing Notice of Removal directed to the State Court are being served upon Plaintiff's counsel and filed with the Circuit Clerk of Kanawha County, State of West Virginia, in accordance with the provisions of 28 U.S.C. § 1446(d).   (*See Notice of Filing Notice of Removal*, attached hereto as Exhibit B).

WHEREFORE, Defendants DuPont and Railserve respectfully request that this Court assume jurisdiction over this matter and that no further proceedings be held in the Circuit Court of Kanawha County, West Virginia.

/s/Paula L. Durst
Paula L. Durst (WV State Bar #5805)
Lisa J. Bray (WV State Bar #7696)
Counsel for E. I. du Pont de Nemours and
Company
Spilman Center
300 Kanawha Boulevard, East (25301)
P. O. Box 273
Charleston, WV  25321-0273
Telephone:  (304) 340-3800


/s/Shawn P. George
Shawn P. George (WV State Bar #1370)
George & Lorensen, PLLC
Counsel for Railserve, Inc.
1526 Kanawha Boulevard East
Charleston, WV 25311
Telephone:  (304) 343-5555