## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**GEORGE NICHOLS,**

     **Plaintiff,**

**v.**                                                    **CASE NO. 2:11-0206**

**RAILSERVE, INC. and**
**DUPONT FILAMENTS-AMERICA, LLC,**

     **Defendants.**

---

### ANSWER OF RAILSERVE, INC.

---

Defendant Railserve, Inc. ("Railserve"), by counsel, Answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a cause of action against Railserve upon which relief may be granted.

### SECOND DEFENSE

1.    Railserve admits the allegations of Paragraphs 1 through 4 of the Complaint.

2.    Railserve denies the allegations of Paragraphs 5 through 14, including all subparts thereof, of the Complaint as they relate to Railserve and lacks knowledge or information sufficient to admit or deny these allegations as they relate to DuPont. Railserve denies that it is liable to Plaintiff under any theory for any amount.

### THIRD DEFENSE

Plaintiff's cause of action against Railserve is barred by the Workers' Compensation laws of the State of West Virginia which provide exclusive remedies for the injuries and damages of which Plaintiff complains.

### FOURTH DEFENSE

The injuries and damages of which Plaintiff complains, if any, were caused or contributed to by the negligence of fellow servants and, as such, Plaintiff's cause of action against Railserve is barred.

### FIFTH DEFENSE

The injuries and damages, if any, of which Plaintiff complains are due to the negligence and conduct of persons, firms or corporations other than Railserve, which bars any recovery against Railserve.

### SIXTH DEFENSE

The injuries and damages, if any, of which Plaintiff complains were proximately caused or contributed to by a superseding and/or intervening cause or causes other than any action or omission by Railserve which bars Plaintiff's recovery against Railserve.

### SEVENTH DEFENSE

Plaintiff is guilty of direct or implied negligence which proximately caused or contributed to the injuries and damages of which he complains and, as such, his causes of action are barred or limited by the doctrines of contributory and comparative negligence.

### EIGHTH DEFENSE

Plaintiff assumed the risk of the injuries and damages of which he complains and, as such, his causes of action are barred by the doctrine of assumption of the risk.

## NINTH DEFENSE

Railserve reserves the right to assert any and all other affirmative defenses which discovery may reveal appropriate.

## TENTH DEFENSE

Railserve adopts and incorporates by reference all other affirmative defenses asserted by any other Defendant which are not inconsistent with any defense specifically set forth herein.

## ELEVENTH DEFENSE

Railserve reserves the right to seek contribution and/or indemnity from any person, firm or corporation who caused or contributed to any claim of Plaintiff, if any.

## TWELFTH DEFENSE

Railserve asserts its right to a credit for any sums received or receivable by Plaintiff in Workers' Compensation benefits, or in compromise and settlement of any claim Plaintiff has, had or may have against any Defendant, or any other person, firm or corporation not a party to this action.

## THIRTEENTH DEFENSE

Any award or punitive damages would violate the provisions of the United States Constitution and the Constitution for the State of West Virginia in that:

  a.  Any instruction defining conduct awarding punitive damages is vague and violates the Fifth and Fourteenth Amendments to the United States Constitution;

  b.  Any award of punitive damages would violate the commerce clause, Article 1, Section 8, of the United States Constitution; and

  c.  An award of punitive damages would expose Railserve to multiple awards of punitive damages and subject it to excessive fines and double jeopardy for the same alleged acts or failures of act.

WHEREFORE, Railserve prays that the Court dismiss the Complaint as to Railserve and grant Railserve its costs incurred.

RAILSERVE, INC.
By Counsel,

s/ Shawn P. George
Shawn P. George
WVSB #1370
George & Lorensen PLLC
1526 Kanawha Blvd., East
Charleston, WV 25311
Phone No. (304)343-5555
Fax No. (304) 342-2513
sgeorge@gandllaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**GEORGE NICHOLS,**

    **Plaintiff,**

v.                    **CASE NO. 2:11-0206**

**RAILSERVE, INC. and**
**DUPONT FILAMENTS-AMERICA, LLC,**

    **Defendants.**

## CERTIFICATE OF SERVICE

I Shawn P. George, do hereby certify that on April 6, 2011, I filed electronically the Answer of Railserve, Inc. with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the following CM/ECF participants:

Greg A. Hewitt, Esquire
Hewitt & Salvatore, PLLC
204 North Court Street
Fayetteville, WV 25840
ghewitt@hewittsalvatore.com

Paula L. Durst, Esquire
Lisa J. Bray, Esquire
Spilman Thomas & Battle PLLC
Spilman Center
300 Kanawha Blvd., East
Charleston, WV 25301
pdurst@spilmanlaw.com
lbray@spilmanlaw.com

/s/ Shawn P. George
Shawn P. George
(W.Va. State Bar No. 1370)
George & Lorensen, P.L.L.C.
1526 Kanawha Boulevard, East
Charleston, West Virginia 25311
Phone No.: (304) 343-5555
Fax: (304) 342-2513
sgeorge@gandllaw.com